UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 06-126-DCR |
| ) | |
| V. ) | |
| ) | |
| BOBBY J. MOSLEY, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Bobby Mosley pleaded guilty to receiving and distributing visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). [Record No. 39] He is currently serving a life term of supervised release that followed a 155-month term of imprisonment. [*See* Record No. 40.] Mosley reports that the term of supervision began on January 24, 2018, and that he has been in compliance with the terms of supervision for over three years. [Record No. 49] As a result, he requests that the Court "terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1)." [*Id.* at p. 1] The motion will be denied because the defendant has not demonstrated that the relevant sentencing factors support terminating supervision.

Mosley's guideline range for incarceration under the United States Sentencing Guidelines was 135 to 168 months. He was sentenced to a term of imprisonment near the upper end of the range based on the factors listed in 18 U.S.C. § 3553(a). Additionally, the Guidelines recommended the imposition of the statutory maximum term of supervision, which was life. U.S.S.G. § 5D1.2(b) ("If the instant offense of conviction is a sex offense, however,

the statutory maximum term of supervised release is recommended."). The Court found that recommendation to be necessary and appropriate when all relevant factors were considered.

A sentencing court "may, after considering the factors set forth in [18 U.S.C.] section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5) and (a)(6)-

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e). "To grant early termination of supervised release, 'a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice.'" *United States v. Parker*, No. 5:08-CR-228-JMH, 2019 WL 722910, at *1 (E.D. Ky. Feb. 20, 2019) (quoting *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003)). The court has "latitude to consider a broad range of factors in addition to an individual's behavior" before determining whether termination is in the interest of justice. *Suber*, 75 F. App'x at 444.

Here, Mosley focuses predominantly on his conduct. In doing so, he overlooks a number of relevant considerations. For example, the Court is required to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Mosley's offense was very serious. He admitted to receiving and distributing illicit images of minors engaged in conduct that has the potential to profoundly impact their lives. And he had a history of predatory behavior toward children that continues to alarm the Court. [*See* Record No. 14, pp. 4, 6-7.]

Further, Mosley's supervision continues to "reflect the seriousness of the offense" and provide "adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)-(B). Mosley

notes that his offense did not involve firearms, controlled substances, or any allegations of violence (i.e., matters which were neither charged nor considered in imposing the term of incarceration or term of supervised release). [Record No. 49, p. 3] This may be true, but how it would support termination Mosley's supervision is unclear. In fact, the defendant's offense was more serious than some of the offenses he attempts to distinguish from his actions. Sex crimes, especially those against minors, have unique impacts that justify severe sentences. Defendants committing these offenses, like Mosley, take something from their victims that can never be recovered. Congress recognizes as much by providing for higher statutory minimum periods of supervision. *See United States v. Inman*, No. 08-cr-127-GFVT, 2013 WL 2389814, at *3 (E.D. Ky. May 10, 2013).

And even if any of the sentencing factors counseled the Court to terminate Mosley's supervision, his arguments concerning the impacts of certain conditions do not justify completely suspending his sentence. He contends that restrictions on his travel prevent him from advancing in his career, and that his inability to use a computer precludes him from communicating with his daughters in a preferred manner. [Record No. 49, p. 2] But these conditions remain necessary due to the nature of Mosley's offense which was facilitated through electronic means. *See* 18 U.S.C. § 3553(a)(2)(C) (A sentence is justified where it "protect[s] the public from further crimes of the defendant.").

The foregoing discussion is not intended to discredit or minimize Mosley's good conduct under supervision. His commitment to becoming a "valued worker, family member, and citizen" is attested to by multiple supporters. [Record No. 49, p. 3; *see also* Record No. 49-1, p. 1-4 (letters in support).] These developments demonstrate that supervision yields positive rehabilitative results. However, the Court is mindful that "[s]ex offenders come before

notes that his offense did not involve firearms, controlled substances, or any allegations of violence (i.e., matters which were neither charged nor considered in imposing the term of incarceration or term of supervised release). [Record No. 49, p. 3] This may be true, but how it would support termination Mosley's supervision is unclear. In fact, the defendant's offense was more serious than some of the offenses he attempts to distinguish from his actions. Sex crimes, especially those against minors, have unique impacts that justify severe sentences. Defendants committing these offenses, like Mosley, take something from their victims that can never be recovered. Congress recognizes as much by providing for higher statutory minimum periods of supervision. *See United States v. Inman*, No. 08-cr-127-GFVT, 2013 WL 2389814, at *3 (E.D. Ky. May 10, 2013).

And even if any of the sentencing factors counseled the Court to terminate Mosley's supervision, his arguments concerning the impacts of certain conditions do not justify completely suspending his sentence. He contends that restrictions on his travel prevent him from advancing in his career, and that his inability to use a computer precludes him from communicating with his daughters in a preferred manner. [Record No. 49, p. 2] But these conditions remain necessary due to the nature of Mosley's offense which was facilitated through electronic means. *See* 18 U.S.C. § 3553(a)(2)(C) (A sentence is justified where it "protect[s] the public from further crimes of the defendant.").

The foregoing discussion is not intended to discredit or minimize Mosley's good conduct under supervision. His commitment to becoming a "valued worker, family member, and citizen" is attested to by multiple supporters. [Record No. 49, p. 3; *see also* Record No. 49-1, p. 1-4 (letters in support).] These developments demonstrate that supervision yields positive rehabilitative results. However, the Court is mindful that "[s]ex offenders come before

a federal judge with a legislatively imposed presumption that a significant period of supervision is required and a permanent period of supervision is preferred." *Inman*, 2013 WL 2389814, at *4. In short, Mosley has not demonstrated that his circumstances warrant overcoming this preference. Accordingly, it is hereby

**ORDERED** that the defendant's "motion for early termination of supervised release" [Record No. 49] is **DENIED**.

Dated: July 15, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky